UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHALONDRA WADE,

                              Plaintiff,

                                                              Case # 15-CV-6556-FPG

v.

                                                                DECISION AND ORDER

MAIN STREAM MOTORS, LLC,

                              Defendant.

       This action was commenced by Plaintiff Shalondra Wade on September 17, 2015, and alleges that Defendant Main Stream Motors, LLC, violated the Truth in Lending Act, 15 U.S.C. § 1638(a)(6) by failing to disclose the number, amount, and due dates of payments in connection with an auto loan Plaintiff received from Defendant on or about February 18, 2015. The proof of service filed with the Court reflects that a copy of the Summons and Complaint were personally served on Defendant Main Stream Motors, LLC, by serving managing member Rapheal Williams, at Main Stream Motors, LLC, 997 Broad Street, Suite A, Rochester, NY 14606, on October 1, 2015. ECF No. 3. The Summons informed Defendant that they were required to answer the Complaint within 21 days, and further warned Defendant that "if you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." *Id.*

       On March 31, 2016, Plaintiff requested that the Clerk of Court enter default against Defendant pursuant to Fed. R. Civ. P. 55(a), as more than 21 days had passed since Defendant was served, and Defendant had not responded to the Complaint in any fashion. ECF No. 4. The Certificate of Service attached to the request for entry of default indicates that a copy of the application was sent to Main Street Motors, LLC, c/o Rapheal A. Williams, 997 Broad Street, Suite A, Rochester, NY 14606. ECF No. 4-3. The Clerk of Court entered the requested default

on March 31, 2016. ECF No. 5. In addition, the Clerk of Court mailed a copy of the Entry of Default to Defendant at Main Street Motors, LLC, 997 Broad Street, Suite A, Rochester, NY 14606.

On May 3, 2016, Plaintiff moved for a default judgment against Defendant, since the Defendant had still not responded to the Complaint in any fashion. ECF No. 6. The Certificate of Service attached to the default judgment motion also indicates that a copy of the application was sent to Main Street Motors, LLC, c/o Rapheal A. Williams, 997 Broad Street, Suite A, Rochester, NY 14606. ECF No. 6-2.

Two weeks later, on May 17, 2016, the Court received a letter from Raphael A. Williams. ECF No. 7. That brief letter avers that Mr. Williams "have not received or yet to receive any legal documents from United States District Court, Buffalo Division. Any documents mails and received at 997 Broad Street, Rochester NY 14606 were signed off by office personel. (sic) Our office manager at this location is authorized to sign in my absence. I was recently made aware of: Case No. 6:15-cv-06556-FPG Shalondra Wade vs. Mainstream Motors, LLC. Please let me know of any action required on our part or any pending court dates."

In response, Plaintiff argues that this letter further demonstrates that Main Street Motors was properly served, yet they have failed to answer the Complaint. *See* ECF No. 8.

Defendant has been extremely dilatory in defending this action. Nevertheless, I will give Defendant a brief opportunity to attempt to correct their deficiencies in this case, if they can meet the applicable legal standards.

First, Defendant Mainstream Motors, LLC is a corporation, so Raphael Williams cannot appear *pro se* on behalf of Defendant. As the Second Circuit has repeatedly held, "[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that,

2

where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F[ed]. R. Civ. P." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975). If Defendant wishes to defend against this action, its counsel must file a Notice of Appearance with this Court by April 21, 2017.

Second, if Defendant does appear through counsel in this action by April 21, 2017, they still must satisfy the criteria to set aside the Clerk's Entry of Default in order to defend against this action. Specifically, a Clerk's entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). The standard for setting aside the Clerk's entry of default is less rigorous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Under the *Meehan* test, the principal factors to be considered in deciding to relieve a party of a default are: (1) willfulness; (2) prejudice to the adverse party; and (3) the existence of a meritorious defense. *Id.* at 277. The Court intimates no view on whether Defendant could satisfy these criteria, and will make such a determination if, and when, counsel on behalf of Defendant makes such a request. However, if such an application is going to be made by Defendant, it too must be filed by April 21, 2017.

Finally, if Defendant has not complied with these directives by April 21, 2017, Plaintiff shall refile her Motion for Default Judgment, and the Court will consider the motion at that time.

## CONCLUSION

For all of these reasons, Plaintiff's Motion for Default Judgment (ECF No. 6) is DENIED WITHOUT PREJUDICE. If Defendant wishes to defend this action, it must appear through counsel and move to set aside the Clerk's Entry of Default by April 21, 2017. If Defendant has

not complied with these directives by April 21, 2017, Plaintiff shall refile her Motion for Default Judgment at that time.

    IT IS SO ORDERED.

DATED:    Rochester, New York
             March 20, 2017

                                                      HON. FRANK P. GERACI, JR.
                                                      Chief Judge
                                                      United States District Court